UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN J. STURDIVANT,

                    Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/31/2023

22-CV-10539 (MVK)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, who is currently incarcerated at Otisville Correctional Facility, paid the filing fees to commence this *pro se* action. He brings claims under 42 U.S.C. § 1983, alleging that Defendants falsely arrested and imprisoned him.

    As set forth below, the Court: (1) dismisses the New York City Police Department from this action; (2) directs service on the named defendants; and (3) directs the New York City Law Department to identify the two John Doe defendants.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[Section] 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee.") (citation omitted). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law

mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Claims against the New York City Police Department (NYPD)**

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.     Service on the City of New York, Flaherty, and Habekost**

The Clerk of Court is directed to issue summonses as to Defendants the City of New York and Police Officers Daniel Flaherty and Habekost. Plaintiff is directed to serve the summons and complaint on each defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**C.     John Doe Defendants**

Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *Id.* at 76. In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the two John Doe police officers

from the Bronx who were involved in Plaintiff's arrest on April 7, 2021. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, is directed to ascertain the identity and badge number of each of the John Doe defendants whom Plaintiff seeks to sue here and the addresses where the defendants may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to issue summonses for service on the newly named defendants.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's claims against the New York City Police Department are dismissed.

IT IS FURTHER ORDERED that within 60 days of the date of this Order, the Law Department must provide Plaintiff the identities and addresses of each of the John Doe defendants. Within 30 days of receipt of that information, Plaintiff must file an amended complaint naming the John Doe defendants.

IT IS FURTHER ORDERED that the Clerk of Court is instructed to issue summonses as to Defendants City of New York, Flaherty, and Habekost, and forward them to Plaintiff for service on the defendants. Plaintiff must serve each Defendants within 90 days of issuance of the summons.

The Clerk of Court is further directed to mail a copy of this order and the complaint to: New York City Law Department, 100 Church Street, New York, New York 10007. The Clerk of Court is also requested to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:  January 31, 2023
        New York, New York

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**